Case 1:24-cv-01090-LMM   Document 5   Filed 03/13/24   Page 1 of 12   e-Filed 2/16/2024 3:40 PM
2023CV02659

EXHIBIT "A"

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Shalonda Green

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| SHAQUANNA DENSON, INDIVIDUALLY AND AS NEXT OF KIN TO TERENCE DENSON, DECEASED, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action File No.: 2023-CV-02659 |
| v. | ) ) | **Jury Trial Demanded** |
| GARDENWOOD RESIDENCES, LP; VENTRON MANAGEMENT, LLC; JOHN/JANE DOES 1-5; and JOHN DOE ENTITIES 1-3, | ) ) ) ) ) | |
| Defendants. | ) | |

**SECOND AMENDED COMPLAINT**

COMES NOW, Shaquanna Denson, Individually and as Next of Kin to Terence Denson, Deceased, Plaintiff in the above styled action and files this Amended Complaint to add 3D Protective Services in place of John Doe entity #1:

**INTRODUCTION**

1.

At all times relevant to this civil action, Defendants owned, operated and/or managed the Gardenwood Apartments (the "Complex"). The Complex is a multifamily residential property located at 1110 Garden Walk Blvd., College Park, Clayton County, Georgia. This action asserts claims under Georgia law arising from the Defendants' failure to take reasonable care to keep invitees at the Complex safe from the known risk of criminal attack. Plaintiff demands a jury trial and seeks an award of monetary damages, including compensatory damages, punitive damages, and attorney's fees pursuant to O.C.G.A. § 13-6-11.

**EXHIBIT "A"**

## PARTIES, JURISDICTION AND VENUE

2.

Plaintiff Shaquanna Denson is over the age of 18 and is a resident of Fulton County, Georgia. She is the mother and next of kin to Terence Denson, deceased.

3.

At the time of his death, Terence Denson was a single, 15-year-old male, and was the son of Shaquanna Denson. He was a tenth grader at Midtown Highschool.

4.

Plaintiff Shaquanna Denson brings this action individually and as next of kin to Terence Denson, deceased.

5.

Defendant Gardenwood Residences, LP ("Gardenwood Residences") is a foreign limited liability company with its principal office address listed as 7077 Du Parc, Suite 600, Montreal, Quebec, H3N1X7, Canada. Defendant Gardenwood Residences is licensed to do business in the state of Georgia and may be served via its registered agent, to wit: National Registered Agents, Inc., 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046-4805.

6.

Defendant Ventron Management, LLC is a foreign limited liability company with its principal office address listed as 2500 North Military Trail, Suite 285, Boca Raton, Florida. Defendant Ventron Management LLC is licensed to do business in the State of Georgia and may be served via its registered agent, Michael Scaljon, 2210 Sullivan Road, College Park, Fulton County, Georgia 30337.

7.

Defendant 3D Protective Services is a domestic limited liability company with its Principal Place of business at 1230 Peachtree Street, Suite 1900, Atlanta, Georgia 30309. 3D Protective Services may be served via its registered agent, Derrick Doyle, at 1230 Peachtree Street, Suite 1900, Atlanta, Georgia 30309.

8.

John/Jane Does 1-5 are unknown employees of the Gardenwood Residences, LP, Ventron Management, and/or John Doe Entities 1-3. Service will be made upon said individuals when their identities are made known through discovery.

9.

Upon information and belief, John Doe Entities 1-3 are unknown entities. Service will be made upon said entities as their identities are made known through discovery.

10.

Venue is proper in Clayton County because Defendants transacted business in Clayton County. Additionally, Plaintiff's cause of action arose in Clayton County.

11.

This Court has jurisdiction of the subject matter and has personal jurisdiction over Defendants.

**FACTUAL ALLEGATIONS**

-3-

12.

Plaintiff re-alleges and incorporates by reference Paragraphs 1-11 above, as if fully set forth herein.

13.

On June 21, 2022, Terence Denson was shot and killed at the Complex while he visited a friend.

14.

The Gardenwood is a housing complex in Clayton County, Georgia. At all relevant times, Defendants operated the Complex on a shoestring budget, while providing little or no managerial oversight and little or no security for the Complex's residents.

15.

As a result of Defendants' negligent management and lack of security, the Complex became a hotbed of frequent and chronic criminal activity.

16.

Criminal activity at the Complex resulted in numerous shootings and other violent crimes.

17.

Terence Denson, a single 15-year-old male, was an invitee of the Complex.

18.

On the evening of June 21, 2022, Terence Denson was shot in the parking lot of the apartment at the Complex, located at 1110 Garden Walk Blvd, College Park, Clayton County, Georgia, unresponsive.

19.

Terence experienced immense pain and suffering including the pain of his injuries, the terror of his impending death, and the loss of his dreams for a better life.

20.

Terence was pronounced deceased on June 21, 2022, from injuries he sustained from being shot in the parking lot at the Complex.

## **COUNT I – PREMISES LIABILITY**

21.

Plaintiff re-alleges and incorporates each and every allegation contained in Paragraphs 1 through 20 above, as if fully set forth herein.

22.

As the owners and operators of the Complex, Defendants Gardenwood Residences had a non-delegable duty pursuant to O.C.G.A. § 51-3-1 to exercise reasonable care to protect invitees against a known risk of violent crime.

23.

As the manager of the Complex and an agent of the owner, Defendant Ventron Management, had a duty under O.C.G.A. § 51-3-1 to exercise reasonable care to protect invitees against a known risk of violent crime.

24.

As the security for the complex, 3D Protective Services had a duty to provide security services in a non-negligent manner and within the standard of care for security companies.

25.

At the time he was shot and killed, Terence Denson was an invitee at the Complex.

26.

Each Defendant failed to exercise reasonable care to protect invitees including Terence Denson, from the known risk of violent criminal activity at the Complex.

27.

Defendants' negligence was a direct and proximate cause of Terence Denson's injuries, conscious pain and suffering, and subsequent death.

## **COUNT II – WRONGFUL DEATH**

28.

Plaintiff re-alleges and incorporates each and every allegation contained in Paragraphs 1 through 27 above, as if fully set forth herein.

29.

Terence Denson was not married and had no children at the time of his death. As the mother of the decedent, Plaintiff has a cause of action for wrongful death against Defendants pursuant to O.C.G.A. § 51-4-2.

30.

Plaintiff is entitled to damages including the full economic and non-economic value of Terence's life as measured by the enlightened conscience of a fair and impartial jury, costs of investigation and litigation, and attorney's fees pursuant to O.C.G.A. § 13-6-11.

31.

Defendants' wrongful conduct, as alleged herein, was a direct and proximate cause of Terence's death.

32.

Defendants' breach of duty in keeping the premises safe and maintaining a public nuisance was a direct and proximate cause of Terence's death.

33.

As a result of the negligence of Defendants as described herein, Decedent Denson suffered extreme levels of pain and suffering and emotional distress prior to his death.

**COUNT III – NUISANCE**

34.

Plaintiff re-alleges and incorporates each and every allegation contained in Paragraphs 1 through 33 above, as if fully set forth herein.

35.

Because of the chronic criminal activity on the property, Defendants are liable for the nuisance because they created or maintained a continuous, dangerous condition on the Premises, to wit: failure to remedy the criminal activity on the Premises that persisted over a period of time which Defendants had knowledge and on opportunity to abate. The crime at the Complex constituted a nuisance under O.C.G.A. §41-1-1.

36.

Defendants' maintenance of a nuisance at the Complex was the proximate cause of Terence's injuries and death.

37.

By turning a blind eye towards criminal activity, Defendants gave criminals control of the

Complex and fostered an environment of chronic violence.

38.

Because of this chronic criminal activity on the property, the Complex constituted a nuisance under O.C.G.A. § 41-1-1.

### COUNT IV - VICARIOUS LIABILITY OF DEFENDANTS GARDENWOOD RESIDENCES, VENTRON MANAGEMENT, AND 3D PROTECTIVE SERVICES JOHN/JANE DOES 1-5, AND JOHN DOE ENTITIES 2-3

39.

Plaintiff re-alleges and incorporates each and every allegation contained in Paragraphs 1 through 38 above, as if fully set forth herein.

40.

John/Jane Doe individuals 1-5 were acting within the scope and course of their employment and for the benefit of Defendants and John Doe Entities 2-3 when they failed to take action to provide a safe environment for the residents of the apartment complex.

41.

The individual negligence of John/Jane Does 1-5 proximately caused the death of Terence Denson.

42.

At the time of the subject incident, John/Jane Doe 1-5 individuals were employees of or agents of and were subject to the direction and control of Defendants and John Doe Entities 2-3.

43.

Defendants and John Doe Entities 2-3 are vicariously liable for the individual actions of John/Jane Does 1-5.

## COUNT V - RECOVERY OF ATTORNEY'S FEES
(Official Code of Georgia Annotated §13-6-11)

44.

Plaintiff re-alleges and incorporates each and every allegation contained in Paragraphs 1 through 43 above, as if fully set forth herein.

45.

Defendants' actions were in bad faith, stubbornly litigious, and/or have caused Plaintiff unnecessary trouble and expense.

46.

Plaintiff is therefore entitled to recover expenses of litigation, including reasonable attorney's fees, pursuant to O.C.G.A. § 13-6-11.

## COUNT VI – PUNITIVE DAMAGES

47.

Plaintiff re-alleges and incorporates each and every allegation contained in Paragraphs 1 through 46 above, as if fully set forth herein.

48.

Defendants' actions as alleged herein showed willful misconduct, malice, wantonness, oppression, and/or that entire want of care which would raise the presumption of conscious indifference to consequences.

49.

Plaintiff should be awarded punitive damages in an amount sufficient to punish, penalize, and/or deter Defendants' wrongful conduct.

**WHEREFORE**, Plaintiff respectfully prays:

a) That the Court award Plaintiff monetary damages against Defendants in an amount to be determined by the enlightened conscience of an impartial jury;

b) That the Court award punitive damages in an amount sufficient to punish, penalize, and/or deter Defendants' wrongful conduct;

c) That the Court award special and compensatory damages as proven at trial;

d) That the court award damages in excess of 75,000;

e) That the Court grant Plaintiff her costs of investigation and litigation, as well as reasonable attorney's fees in an amount to be determined at trial;

f) That judgment be entered against all Defendants and that Plaintiff recover:  for the full value of the life of Terence Denson; for the conscious pain and suffering, both mental and physical that Terence Denson experienced prior to his death; and for all funeral, medical, and other necessary expenses resulting from the injury and death of the Terence Denson;

g) That Plaintiff be granted a trial by jury on all issues so triable; and

h) That Plaintiff be granted such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of any and all issues properly triable by jury in this action.

This 16th day of February 2024.

                                Respectfully submitted,
                                */s/ Thomas G. Sampson II*
                                THOMAS G. SAMPSON II
                                Georgia Bar No. 623601
                                KRISTAL HOLMES
                                Georgia Bar No. 364114

THOMAS KENNEDY SAMPSON & TOMPKINS LLP
3355 Main Street
Atlanta, Georgia 30337
(404) 688-4503 phone

(404) 684-9515 fax
w.sampson@tkstlaw.com
k.holmes@tkstlaw.com

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| SHAQUANNA DENSON, INDIVIDUALLY AND AS NEXT OF KIN TO TERENCE DENSON, DECEASED, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action File No.: 2023-CV-02659 |
| v. | ) ) | |
| | ) | **Jury Trial Demanded** |
| GARDENWOOD RESIDENCES, LP; VENTRON MANAGEMENT, LLC; JOHN/JANE DOES 1-5; and JOHN DOE ENTITIES 1-3, | ) ) ) ) ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing **SECOND AMENDED COMPLAINT** was served via Odyssey efileGa and electronic mail to the following attorney(s) of record:

Mathis Gales
HALL BOOTH SMITH, P.C.
191 Peachtree Street NE, Suite 2900
Atlanta, GA 30303
MGales@hallboothsmith.com

This 16th day of February 2024.

/s/ Thomas G. Sampson, II

Case 1:24-cv-01090-LMM   Document 5   2023CV02659   Filed 03/13/24   Page 12 of 12

EXHIBIT "A"

THOMAS G. SAMPSON II
Georgia Bar No. 623601

-12-