IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHAQUANNA DENSON, INDIVIDUALLY AS NEXT OF KIN OF TERRENCE DENSON, DECEASED,<br><br>    PLAINTIFF,<br><br>v.<br><br>**GARDENWOOD RESIDENCES, LP, VENTRON MANAGEMENT, LLC;** 3D PROTECTIVE SERVICES, LLC; JOHN/JANE DOES 1-5; AND JOHN DOE ENTITIES 1-3<br><br>    Defendants. | CAFN: 24-CV-1090 |

## <u>DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT</u>

Defendants Ventron Management, LLC and Gardenwood Residences, LP, file this Answer to Plaintiff's Amended Complaint. Pursuant to Federal Rules of Civil Procedure 8(b), Defendants respond to the allegations ion each corresponding paragraph of Plaintiff's Amended Complaint as follows:

## **INTRODUCTION**

1. Defendants admit that Ventron Management, LLC professionally managed the Gardenwood Apartments. Defendants admit that Gardenwood Residences, LP owns the Gardenwood Apartments, being a multifamily residential property located at 1110 Garden Walk Boulevard in College Park, Clayton County, Georgia. Defendants deny the remaining allegations contained in Paragraph 1 of Plaintiff's Amended Complaint.

## **PARTIES, JURISDICTION AND VENUE**

2. Defendants admit only so much of Paragraph 2 of Plaintiff's Amended Complaint that allege that Plaintiff is a resident of Georgia. Defendants deny the remaining allegations of Paragraph 2 of Plaintiff's Amended Complaint.

3. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 3 of Plaintiff's Amended Complaint. Therefore, by operation of law, the allegations contained in Paragraph 3 of Plaintiff's Amended Complaint are denied.

4. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 4 of Plaintiff's Amended Complaint. Therefore, by operation of law, the allegations contained in Paragraph 4 of Plaintiff's Amended Complaint are denied.

5. Defendants admit that Gardenwood Residences, LP is a Foreign Limited Partnership with its principal office address listed as 7077 Ave Du Parc, Suite 600, Montreal, Quebec, H3N1X7, Cananda. Defendants admit that Gardenwood Residences, LP is licensed to do business in the State of Georgia and may be served via its registered agent, National Registered Agents, Inc., 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia. Any further allegations, contentions and implications contained in Paragraph 5 of Plaintiff's Amended Complaint are denied.

6. Defendants admit that Ventron Management, LLC is a Foreign Limited Liability Company with its principal office address listed as 2500 North Military Trail, Suite 285, Boca Raton, Florida. Defendants admit that it is licensed to do business in the State of Georgia and may be served via its registered agent, Michael Scaljon, 2210 Sullivan Road, College Park, Fulton County, Georgia. Any further allegations, contentions and implications contained in Paragraph 6 of Plaintiff's Amended Complaint are denied.

7. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 7 of Plaintiff's Amended Complaint. Therefore, by operation of law, the allegations contained in Paragraph 7 of Plaintiff's Amended Complaint are denied. Defendants further deny that 3D Protective Services, LLC is a proper party in this suit.

8.  Defendants deny the allegations contained in Paragraph 8 of Plaintiff's Amended Complaint.

9.  Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint. Therefore, by operation of law, the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint are denied.

10. Defendants deny venue is proper in State Court of Clayton County, Georgia. This case has been properly removed to The United States District Court Northern District of Georgia Atlanta Division.

11. This case has been properly removed to The United States District Court Northern District of Georgia Atlanta Division.

## FACTUAL ALLEGATIONS

12. The allegations of paragraph 12 of plaintiff's amended complaint appear to require no answer of defendants but to the extent that they require an answer, defendants deny those allegations.

13. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 13 of Plaintiff's Amended Complaint. Therefore, by operation of law, the allegations contained in Paragraph 13 of Plaintiff's Amended Complaint are denied.

14. Defendant admits that the Gardenwood Apartments is a multifamily residential property located at 1110 Garden Walk Blvd., College Park, Clayton County, Georgia. Defendant denies the remaining allegations of Paragraph 14 of Plaintiff's Amended Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of Plaintiff's Amended Complaint.

16. Defendants deny the allegations contained in Paragraph 16 of Plaintiff's Amended Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Amended Complaint.

18. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 18 of Plaintiff's Amended Complaint. Therefore, by operation of law, the allegations contained in Paragraph 18 of Plaintiff's Amended Complaint are denied.

19. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 19 of Plaintiff's Amended Complaint. Therefore, by operation of law, the allegations contained in Paragraph 19 of Plaintiff's Amended Complaint are denied.

20. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 20 of Plaintiff's Amended Complaint. Therefore, by operation of law, the allegations contained in Paragraph 20 of Plaintiff's Amended Complaint are denied.

## COUNT I – PREMISES LIABILITY

21. The allegations of Paragraph 21 of Plaintiff's Amended Complaint appear to require no answer of Defendants but to the extent that they require an answer, Defendants deny those allegations.

22. Defendants admit that Georgia law imposes certain duties on landowners and operators, which speak for themselves. The allegations contained in Paragraph 22 of Plaintiff's Amended Complaint regarding Defendant's legal obligations are denied to the extent that they misstate Georgia law.

23. Defendants admit that Georgia law imposes certain duties on landowners and operators, which speak for themselves. The allegations contained in Paragraph 23 of Plaintiff's Amended Complaint regarding Defendant's legal obligations are denied to the extent that they misstate Georgia law.

24. Defendants deny that 3D Protective Services, LLC provided security services at all times relevant to Plaintiff's cause of action.

25. Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Amended Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Amended Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Amended Complaint.

## **COUNT II – WRONGFUL DEATH**

28. The allegations of Paragraph 28 of Plaintiff's Amended Complaint appear to require no answer of Defendants but to the extent that they require an answer, Defendants deny those allegations.

29. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 29 of Plaintiff's Amended Complaint. Therefore, by operation of law, the allegations contained in Paragraph 20 of Plaintiff's Amended Complaint are denied.

30. Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Amended Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Amended Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of Plaintiff's Amended Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of Plaintiff's Amended Complaint.

## **COUNT III – NUISANCE**

34. The allegations of Paragraph 34 of Plaintiff's Amended Complaint appear to require no answer of Defendants but to the extent that they require an answer, Defendants deny those allegations.

35. Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Amended Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of Plaintiff's Amended Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of Plaintiff's Amended Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of Plaintiff's Amended Complaint.

## COUNT IV – VICARIOUS LIABILITY OF DEFENDANTS GARDENWOOD RESIDENCES, VENTRON MANAGEMENT, AND 3D PROTECTIVE SERVICES JOHN/JANE DOES 1-5, AND JOHN DOE ENTITIES 2-3

39. The allegations of Paragraph 39 of Plaintiff's Amended Complaint appear to require no answer of Defendants but to the extent that they require an answer, Defendants deny those allegations.

40. Defendants deny the allegations contained in Paragraph 40 of Plaintiff's Amended Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of Plaintiff's Amended Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of Plaintiff's Amended Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of Plaintiff's Amended Complaint.

## COUNT V – RECOVERY OF ATTORNEY'S FEES
(Official Code of Georgia Annotated § 13-6-11)

44. The allegations of Paragraph 44 of Plaintiff's Amended Complaint appear to require no answer of Defendants but to the extent that they require an answer, Defendants deny those allegations.

45. Defendants deny the allegations contained in Paragraph 45 of Plaintiff's Amended Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of Plaintiff's Amended Complaint.

## COUNT VI – PUNITIVE DAMAGES

47. The allegations of Paragraph 47 of Plaintiff's Amended Complaint require no answer of Defendants but to the extent that they require an answer, Defendants deny those allegations.

48. Defendants deny the allegations contained in Paragraph 48 of Plaintiff's Amended Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of Plaintiff's Amended Complaint.

## VII.
## JURY DEMAND

50. Defendants hereby request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## VIII. AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted, and therefore, the same should be dismissed.

### SECOND AFFIRMATIE DEFENSE

To the extent as may be shown by evidence through discovery, Defendants raises all applicable affirmative defenses set forth in Rule 8 of the Federal Rules of Civil Procedure.

### THIRD AFFIRMATIVE DEFENSE

Defendants denies they were negligent in any manner, or that any negligent act or omission on their part caused or contributed to any injury or damage alleged to have been sustained by the Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

There is no causal relationship between any alleged acts and/or omissions on the part of Defendants and any alleged injuries to the Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

The injuries, damages, and losses alleged in the Plaintiff's Complaint, none being admitted, were caused, in whole or in part, by the actions or inactions of parties and/or non-parties over whom Defendants exercised no control, had no opportunity

to anticipate or right to control, and with whom Defendants had no legal relationship by which liability could be attributed to it.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiff is barred from recovery from Defendants because a criminal assailant committed a criminal and tortious act which was not reasonably foreseeable to Defendants, and such act is the sole proximate cause of all injuries, damages and harm alleged in the Plaintiff's Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants are not liable to the Plaintiff in any amount because the Plaintiffs' damages, if any, were caused by unforeseeable, intervening causes which bar any recovery by the Plaintiff against Defendants.

### EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's claim for punitive damages fails to state a claim upon which relief can be granted.

### NINTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint violates Defendants' right to protection from "excessive fines" as provided in the Eighth Amendment of the United State Constitution and Article I, Section I, Paragraph XVII of the Constitution of the State of Georgia and violates Defendants' right to substantive due process as provided in

the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia and therefore fails to state a cause of action or set forth a claim supporting the punitive damages claimed.

## TENTH AFFIRMATIVE DEFENSE

An award of punitive damages against Defendants violates Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article 1, Section 1, Paragraph 1 of the Constitution of Georgia because (1) Defendant had no notice of or means of ascertaining whether, or in what amount, they might be subject to a penalty of punitive damages for the conduct alleged by the Plaintiff in this case, which lack of notice was compounded by absence of any adequate or meaningful standards as to the kind of conduct that might subject Defendant to punitive damages or as to the potential amount of such an award; (2) an award of punitive damages under Georgia law does not give cognizance to the comparability of the award to awards in other, similar cases; (3) an award of punitive damages in Georgia under Georgia's statute does not give adequate consideration to the proportionality of the punitive damages awarded to the wrong done to the Plaintiff; and (4) no provision of Georgia law or the Georgia punitive damages scheme provides adequate procedural safeguards consistent with the criteria set forth in *State Farm Mutual Auto Ins. Co. v. Campbell*, 123 S.Ct. 1513

(2003); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *BMW of North America v. Gore*, 517 U.S. 559 (1996); *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1990); and *Matthews v. Eldridge*, 424 U.S. 319 (1976) for the imposition of a punitive award.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to seasonably amend its affirmative defenses as needed or as warranted by the discovery in this case.

### PRAYER

Defendant denies the allegations contained in Plaintiff's WHEREFORE Paragraph and denies each and every allegation contained in Plaintiff's Amended Complaint not specifically admitted herein.

**WHEREFORE**, Defendants **VENTRON MANAGEMENT, LLC AND GARDENWOOD RESIDENCES, LP**, having fully answered Plaintiff's Amended Complaint, prays as follows:

a)  that they be discharged without cost or liability;

b)  that they have a trial by a jury of twelve persons as to all issues properly triable by a jury, including liability, causation and damages;

c)  that a Pre-Trial Conference be held;

d)  that all costs and attorneys' fees be assessed against Plaintiff; and

e)  that they have such other relief as the Court deems just and proper.

Respectfully submitted this 18th day of March 2024.

                          **HALL BOOTH SMITH, P.C.**

                          /s/ Mark L. Pickett
                          _____

| 191 Peachtree Street, NE, Suite 2900<br>Atlanta, Georgia  30303<br>Phone:  (404) 954-5000<br>Fax:  (404) 954-5020<br>Dcochenour@hallboothsmith.com<br>mpickett@hallboothsmith.com<br>Mgales@hallboothsmith.com | Mark L. Pickett<br>Georgia Bar No. 578190<br>Duane L. Cochenour<br>Georgia Bar No. 503901<br>*Attorneys for Defendants Ventron Management, LLC and Gardenwood Residences, LP.* |

## LOCAL RULE 7.1D CERTIFICATION

Pursuant to Local Rule 7.1D for the Northern District of Georgia, counsel for Defendants certifies that the above and foregoing is a computer document prepared in Times New Roman (14 point) font, in accordance with Local Rule 5.1B and C.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHAQUANNA DENSON, INDIVIDUALLY AS NEXT OF KIN OF TERRENCE DENSON, DECEASED,<br><br>    PLAINTIFF,<br><br>v.<br><br>**GARDENWOOD RESIDENCES, LP, VENTRON MANAGEMENT, LLC;** 3D PROTECTIVE SERVICES, LLC; JOHN/JANE DOES 1-5; AND JOHN DOE ENTITIES 1-3<br><br>    Defendants. | CAFN: 24-CV-1090 |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 18th day of March, 2024, the foregoing has been served by the Court's electronic filing system, electronic mail, or United States Mail, postage prepaid, to the following counsel of record:

***[SIGNATURES CONTINUE ON FOLLOWING PAGE]***

Thomas G. Sampson, II
Kristal Holmes
Thomas Kennedy Sampson & Tompkins LLP
3355 Main Street
Atlanta, Georgia 30337
w.sampson@tkstlaw.com
k.holmes@tkstlaw.com
*Attorney for Plaintiffs*

Respectfully submitted this 18th day of March 2024.

**HALL BOOTH SMITH, P.C.**

_____
Mark L. Pickett
191 Peachtree Street, NE, Suite 2900
Atlanta, Georgia  30303
Phone:  (404) 954-5000
Fax:  (404) 954-5020
Dcochenour@hallboothsmith.com
mpickett@hallboothsmith.com
Mgales@hallboothsmith.com

Georgia Bar No. 578190
Duane L. Cochenour
Georgia Bar No. 503901
*Attorneys for Defendants Ventron Management, LLC and Gardenwood Residences, LP.*